NATIONAL SURETY COMPANY, PETICIONARIA, *v.* ROSSY, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida mandamiento de *certiorari* al Juez de la Corte de Distrito de San Juan, Sección 2ª.

No. 103.—Resuelto en junio 28, 1913.

CERTIORARI—TRASLADO DE UNA CAUSA A LA CORTE FEDERAL—INFRACCIÓN DE LEY.—
La compañía peticionaria fué demandada en la Corte de Distrito de San Juan, Sección 2ª., en unión de otro codemandado por El Pueblo de Puerto Rico, y solicitó el traslado de la causa a la Corte Federal fundándose en la Ley del Congreso de marzo 2, 1901, ampliando la jurisdicción de dicha corte, cuya solicitud de traslado fué denegada, y acudió a esta corte por medio del presente recurso de *certiorari*. Se resolvió que la orden denegatoria de traslado impugnada no constituye una infracción de ninguna ley de procedimiento y por tanto no puede invocarse el presente recurso de *certiorari* de acuerdo con la ley de marzo 10, 1904.

Los hechos están expresados en la opinión.
Abogados de la peticionaria: *Sres. Martínez* y *Besosa.*
Abogado del demandado: *Sr. Charles E. Foote. Fiscal.*
EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.
La Corte de Distrito de San Juan, Sección 2ª., denegó el traslado de un caso a la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico, después de habérsele presentado una solicitud con tal objeto a dicha Corte de Distrito de San Juan. El Pueblo de Puerto Rico era el demandante en la corte inferior y la "National Surety Company" uno de los dos demandados, fundando su derecho a pedir dicho traslado en la Ley del Congreso aprobada en 2 de marzo de 1901, según la cual la jurisdicción de la Corte de Distrito de los Estados Unidos para Puerto Rico en las causas civiles "además de ser la que tiene conferida por la ley de doce de abril de mil novecientos, se ampliará hasta y abarcará las controversias en que las partes litigantes o alguna de ellas son ciudadanos de los Estados Unidos, o ciudadanos o súbditos de uno o más Estados extranjeros, y en las cuales lo que es objeto de contienda, con exclusión de intereses y cos-

tas, es, o cantidad mayor de mil dollars, o algo que valga más
que dicha suma,'' por cuyo motivo ha presentado esta soli-
citud de *certiorari.* El Fiscal de este tribunal hizo citas de
autoridades para probar que esta jurisdicción de una corte de
los Estados Unidos fundada en diversidad de ciudadanías no
se extendía a un caso en que el Estado seguía una acción,
alegando además que con respecto a este punto El Pueblo de
Puerto Rico se encontraba en igual caso que un Estado. Nos
inclinamos a opinar con el Fiscal pero la solicitud que ha sido
presentada en este caso es, sin embargo, para que se expida
un mandamiento de *certiorari,* estando limitada nuestra juris-
dicción a ordenar que se anulen las órdenes o sentencias en
aquellos casos en que el procedimiento no está de acuerdo con
la ley. Los peticionarios no alegan o tratan de probar que
la corte esté infringiendo alguna ley de procedimiento sino
que meramente ha dejado de cumplir con un deber. El pe-
ticionario se opone a la negativa de la corte a conceder su
solicitud de traslado. Por tanto, no habiéndose cometido
ninguna infracción legal que pueda ser corregida de acuerdo
con la ley de *certiorari* aprobada en marzo 10, 1904, el auto
de *certiorari* debe ser anulado.

> *Denegada la solicitud y anulado el auto de cer-*
> *tiorari.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados MacLeary, del Toro y Aldrey.